# EXHIBIT 1

COPY



1  Law Offices of Robert R. Jung
   Robert R. Jung (014198)
2  Attorney at Law
   21001 N. Tatum Blvd., Ste 1630-725
3  Phoenix, AZ 85050
   Office: 480.704.5030
4  Fax: 480.907.2692

JUL  1 2009

MICHAEL K. JEANES, CLERK
M. VEJAR
DEPUTY CLERK

5          IN THE SUPERIOR COURT IN AND FOR
6          COUNTY OF MARICOPA, STATE OF ARIZIONA

CV 2009-021424

7  LISA D. VON DELDEN, a single woman          Case No.:

8              Plaintiff,

9      vs.

10 EMC MORTGAGE CORPORATION;                   CERTIFICATION RE: ARBITRATION
   QUALILTY LOAN SERVICE
11 CORP.;ARTISAN MORTGAGE;
   EMPIRE TITLE COMPANY; CITIBANK,
12 N.A., as Trustee for the Citificateholders of
   Structured Asset Mortgage Investments II,
13 Inc., Bear Stearns ALT-A Trust, Mortgage
   Pass-Through Certificates, Series 2007-
14 2JOHN DOES 1-1000; JANE DOES 1-1000;
   ABC CORPORATIONS I-XX; AND XYZ
15 PARTNERSHIPS I-XX.
16
17             Defendants.

18         Plaintiff, by and through undersigned counsel, certifies this case is not subject to

19 the Uniform Rules of Procedure for Arbitration because the relief requested is other than mere

20 monetary damages and the amount of damages exceeds the threshold.

21         RESPECFULLY SUBMITTED and DATED this _1_ day of _July_, 2009

22

23

24                                           Robert R. Jung, Attorney for the
25                                           Plaintiff

-Page 1 of 1-

Law Offices of Robert R. Jung
Robert R. Jung (014198)
Attorney at Law
21001 N. Tatum Blvd., Ste 1630-725
Phoenix, AZ 85050
Office: 480.704.5030
Fax: 480.907.2692

COPY

JUL 1 2009

MICHAEL K. JEANES, CLERK
M. VEJAR
DEPUTY CLERK

## IN THE SUPERIOR COURT IN AND FOR
## COUNTY OF MARICOPA, STATE OF ARIZIONA

LISA D. VON DELDEN, a single woman

Plaintiff,

vs.

EMC MORTGAGE CORPORATION;
QUALILTY LOAN SERVICE
CORP.;ARTISAN MORTGAGE;
EMPIRE TITLE COMPANY; CITIBANK,
N.A., as Trustee for the Citificateholders of
Structured Asset Mortgage Investments II,
Inc., Bear Stearns ALT-A Trust, Mortgage
Pass-Through Certificates, Series 2007-
2JOHN DOES 1-1000; JANE DOES 1-1000;
ABC CORPORATIONS I-XX; AND XYZ
PARTNERSHIPS I-XX.

Defendants.

Case No.:  CV2009-021424

**PETITION FOR TEMPORARY
RESTRAINING ORDER,
PRELIMINARY AND PERMANENT
INJUCTION AND ORDER TO SHOW
CAUSE**

**EXPEDITED CONSIDERATION
REQUESTED**

COMES NOW, the Plaintiff, Lisa D. von Delden, by and through undersigned counsel and moves this Court, pursuant to Rule 65, Ariz. R. Civ. P., for an Order restraining and enjoining Defendants, their attorneys, officers, agents, servants, employees, and all other persons in active concert or participation with them, from proceeding with a Trustee's Sale of the Plaintiff's primary residence located at 2804 E Gary Way in Phoenix, AZ 85042.

## BACKGROUND:

The Plaintiff entered into a residential mortgage contract with Defendant Artisan Mortgage Company of Peoria, Arizona in December, 2006. The Defendants all are participants

-1-

1    in the securitization scheme described herein. "Securitization" is the financial terminology and

2    technology that integrates the market for private mortgage loans with the capital investment

3    markets. In such a scheme, pools of loans are created and the cash flows from those pools of

4    receivables are converted into bonds secured by the loans and the bonds are then traded on the

5    financial market. The residential mortgage market changed in recent years from one in which

6    lenders originated mortgages for retention in their own portfolios or sold the loan in its entirety,

7    along with the Promissory Note such that the buyer received a right to collect on the Note, to one

8    in which lenders attempted to generate as many loans as possible in order to sell them as

9    securities on the secondary market to take advantage of this securitization scheme.

10        Securitization also goes by the moniker "structured finance," in part because a securitizer

11   structures the transaction to isolate the loan pool from the original lender. This is done by selling

12   pooled loans to a special purpose vehicle or "SPV" that is owned by, but legally distinct from,

13   the lender. The SPV then resells the loan pool to a second SPV which is also independent of the

14   lender and typically a trust.  This two-tiered structure protects investors by preventing the

15   original lenders' creditors from reaching the assets backing the newly created securities.

16   However, the Promissory Notes related to the loans, the negotiable instruments upon which

17   collection may be made, are not transferred intact with the pools of loans that are sold to pools of

18   investors as bonds.  Because the value of the proceeds from the sale of the securitized pool

19   exceeded what could have achieved from selling the loan whole, Defendants handled Plaintiff's

20   loan in such a way.

21        The loan transaction between Plaintiff and Artisan Mortgage Co. produced a Deed of

22   Trust dated December 22, 2006 indicating that Artisan Mortgage Company was the "lender,"

23   Plaintiff was the "Borrower," Empire Title Agency was the "Trustee" and Mortgage Electronic

24   Registration Systems, Inc. is the "beneficiary."  The next document in the recorded chain related

25   to this property is a notice of Substitution of Trustee by, "Citibank, N.A., as Trustee for the

-2-

1    Citificateholders of Structured Asset Mortgage Investments II, Inc., Bear Stearns ALT-A Trust,

2    Mortgage Pass-Through Certificates, Series 2007-2" purporting to substitute Quality Loan

3    Service Corp, A California Corporation, as its new "trustee."  There are no recorded documents

4    evidencing a proper chain of title substantiating that Quality Loan Servicing Corp. has any

5    legitimate beneficial interest whatsoever in the subject property.

6          Defendant Quality Loan Service Corporation filed a Notice of Trustee's Sale to be held

7    on June 19, 2009.  Plaintiff delivered to EMC Mortgage Corp., a Qualified Written Request,

8    Dispute of Debt, Validation of Debt Letter, and TILA (Truth In Lending Act) Request on April

9    29, 2009 demanding, among other things, the identity of the true holder of Plaintiff's Note and

10   any/all records of securitization of Plaintiff's loan.  Defendants have sixty (60) days after the

11   receipt of such a demand in which to respond.

12         Defendant has not yet responded fully to that request and so far has provided only copies

13   of some documents but not any documents evidencing a proper chain of title or the right of

14   Quality Loan Servicing Corp. to take the foreclosure actions that have been taken.  The chain of

15   recorded title in the Maricopa county records does not evidence such an interest.  Defendants are

16   attempting to enforce rights that are not yet legally proven to exist and are bent on doing so in

17   violation of state and federal law by failing to respond fully to Plaintiff's demand for

18   information.

19         The proposed trustee's sale, originally scheduled for June 19, 2009 was postponed by

20   Quality Loan Service Corp. *only* because they determined that Plaintiff/Borrower was entitled to

21   relief under "The Obama Plan" and have demanded three (3) months of payments under such

22   plan.  The first payment is expected by Quality Loan Servicing Corp. on July 1, 2009.

23   Defendant has given notice to Plaintiff that if an "Obama Plan" payment is not received by July

24   1, 2009 they will proceed immediately with the planned Trustee's Sale.  Plaintiff has given

25   Defendants EMC and Quality Loan Servicing notice that this Application would be filed if they

-3-

1  did not cancel the Trustee's Sale until such time as their right to do so has been substantiated via

2  Plaintiff's request under federal law.

3       Plaintiff further moves this Court to issue an Order to Appear and Show Cause why an

4  Injunction should not issue as prayed by Plaintiff in this action. This Application for Temporary

5  Restraining Order and Preliminary Injunction is supported by the Points and Authorities included

6  here and the pleadings and motions filed in this case. This matter involves violations of Federal

7  and State law and the plaintiff and defendants are citizens of different states and Plaintiff has

8  pursued and exhausted all administrative remedies prior the filing of this action.

9  **LEGAL ARGUMENT:**

10       A Party seeking equitable relief must establish four (4) traditional equitable criteria: (A) a

11  strong likelihood of success on the merits; (B) the possibility of irreparable injury not remediable

12  by money damages; (C) a balance of hardships in that party's favor; and (D) public policy

13  favoring the requested relief. *Shoen v. Shoen,* 167 Ariz. 58, 63, 804 P.2d 787.792 (App. 1990);

14  *Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.,* 367 F.3d 1108, 1111 (9th Cir.

15  1994); see *Miller ex. Rel. N.L.R.B. v. Cal. Pac. Med. Ctr.,* 19 F.3d 449, 456 (9th Cir. 1995)).

16       A.R.C.P. rule 65 demands that, "a temporary restraining order may be granted without

17  written or oral notice...only if (1) it clearly appears from the specific facts shown by affidavit or

18  by the verified complaint that immediate and irrreparagble injury, loss or damage will result to

19  the applicant..., and (2) the applicant's attorney certifies to the court in writing the efforts, if any,

20  which have been made to give the notice...." Both elements are met herein.

21       In applying for injunctive relief, the moving party may establish either (1) probable

22  success on the merits and the possibility of irreparable injury; or (2) the presence of serious

23  questions and "the balance tips sharply" in his favor. *Id.,* quoting *Justice v. Nat'l Collegiate*

24  *Athletic Ass'n,* 577 F.Supp.356, 363 (D. Ariz. 1983). Additionally, a necessary requirement for

25

1  injunctive relief is that the injury must be imminent or threatening. *Arnold v. Lewis,* 803 F.Supp.

2  246, 258 (D.Ariz.1992); *Kubby v. Hammond,* 68 Ariz. 17, 198 P.2d 134 (1948).

3      **A.    SUCCESS ON THE MERITS**

4      Plaintiff can establish its probable success on the merits for its causes of action for

5  Moreover, the counts that are critical to enjoining Defendants' actions based on the documents

6  on record with the Maricopa County Recorder's office.   Arizona law states that no estate shall be

7  conveyed unless the conveyance is by an instrument in writing, subscribed by the party disposing

8  of the state.   There is no recorded chain of title evidencing a proper conveyance of a beneficial

9  interest in the subject property to Quality Loan Servicing Corp.   It is clear from the recorded

10 documents that Plaintiff is the titled owner of the property *but* Quality Loan Serving Corp takes

11 their assignment from another entity that *has no recorded interest*.

12     Additionally, A.R.S. § 33-420(A), states that [a] person purporting to claim an interest in,

13 or a lien or encumbrance against, real property, who causes a document asserting such claim to

14 be recorded in the office of the County recorder, knowing or having reason to know that the

15 document is forged, groundless, contains a material misstatement or false claim or is otherwise

16 invalid is liable to the owner or beneficial title holder of the real property for the sum of not less

17 than five thousand dollars, or for treble the actual damages caused by the recording, whichever is

18 greater along with reasonable attorney fees and costs of the action.   The vast number of similar

19 cases, perhaps thousands across the country, in which Defendants have been restrained from

20 holding Trustee's Sales based upon their inability to demonstrate they are entitled to do so entails

21 that Defendants knew or should have known of the inadequacy of the documents they filed in

22 this case.

23     **B.    LIKELIHOOD OF IRREPARABLE HARM**

24     Irreparable harm to the Plaintiff is certain if the Court does not prevent Defendants'

25 improper conduct.   Defendant Quality Loan Servicing Corp. has made clear its intent to move

1   forward with the anticipated non-judicial Trustee Sale in spite of its failure to substantiate a legal

2   right to do so. Equitable intervention is justified by a party's threat of unbridled continuation of

3   the violation and the result of incalculable damage. (*See, e.g., Phoenix Orthopedic Surgeons v.*

4   *Peairs,* 164 Ariz. 54, 57, 790 P.2d 752, 755 (1989); *Alpha Tax Service v. Stuart,* 158 Ariz. 169,

5   171, 761 P.2d 1073, 1075 (App.1988)).

6        The Plaintiff deserves the protection of this Court and she is without other recourse to

7   deter the Defendants. It is patently reasonable and just that Defendants be held to the task of

8   demonstrating a legal right to sell Plaintiff's home over her objections *before* they hold the sale.

9   Plaintiff's counsel addressed this concern with Defendant EMC Mortgage Co. whose

10   representatives flatly refused to postpone the Trustee's Sale without collection of a "down

11   payment" regardless of their acknowledgment of receipt of a Qualified Written Request under

12   federal law.

13        Defendants, on the other hand, will suffer relatively little harm if this Court prohibits the

14   Trustee's Sale of the Plaintiff's primary home. If their interest in the subject property is

15   legitimate and their right to hold such a sale is justified they will not be prevented from doing so.

16   Furthermore, the price obtained at such a sale will not be significantly affected in the interim.

17   Irreparable harm to the Plaintiff may only be mitigated by maintaining the status quo and

18   entering the injunction relief requested herein. If Plaintiff is ousted from her home, she can

19   never be adequately compensated by monetary damages.

20     **C.    THE BALANCE OF HARDSHIPS**

21        Because the risk of irreparable harm to Plaintiff is so great and the hardship to Defendant

22   in proving its right to sell the property is so slight, the balance tips sharply in favor of Plaintiff.

23   If the balance of harm tips decidedly towards the Plaintiffs, it does not need to show as robust a

24   likelihood of success on the merits as when the balance tips less decidedly. (*Gilder v. P.G.A.*

25   *Tour, Inc,* 936 F.2d 417, 422 (9th Cir. 1991)). Thus, even if this Court were to determine there is

1  some doubt as to whether Plaintiff will be successful on the merits, the Court should grant this

2  Temporary Restraining Order (TRO) since the balance of hardships test tips clearly in favor of

3  Plaintiff.

4  **D.    PUBLIC POLICY**

5  Public policy greatly favors granting the injunctive relief requested herein.  Plaintiff

6  made a lawful demand of Defendants under several relevant federal statutes including the Truth

7  in Lending Act and the Real Estate Settlement Procedures Act, to substantiate their right to

8  conduct a Trustee's Sale of the Plaintiff's property.  They have failed and or refused to comply

9  with such request and are moving forward regardless of such.   The public has an interest in the

10  orderly administration of justice which will be defeated if the relief sought is not granted.

11  More specifically, sound public policy also favors the proper adjudication of claims of

12  predatory lending prior to the consummation of a Trustee's Sale.  Without it, Plaintiff will be

13  rendered homeless before and without an opportunity for adjudication of his claims.

14  To allow the Trustee's Sale of Plaintiff's primary home without first determining the

15  validity of the underlying right of Defendant to do so undermines the public interest.  High

16  foreclosure rates have significantly and adversely affected property values in Maricopa County.

17  More foreclosures entail less money for schools, public safety, and other key services which is

18  not for the advancement of the public interest.

19  Plaintiff's request for injunctive relief is clearly justified.  Unless Defendants along with

20  their directors, officers, agents, employees, attorneys, and any person in active concert with them

21  or acting under their direction, are immediately enjoined from disposing of the subject property,

22  Plaintiff will suffer irreparable harm and injury.  Plaintiff has no adequate remedy at law to

23  prevent the transfer.

24  **THE BOND OR SECURITY REQUIREEMNT:**

25

1    Pursuant to Ariz.R.Civ.P. Rule 65(c), relates to a bond or security regarding this

2    Application.  Plaintiff requests this Court either waiver the requirement or order only a *de*

3    *minimus* bond.  Defendants will not sustain significant damages if this Court issues the

4    injunction.  If the Court determines that the injunction should not have been issued after the

5    merits of Plaintiff's defenses are heard, Defendants still will be able to pursue whatever remedies

6    are available under the deed of trust at that time.  The current market value of the property is

7    significantly lower than the amount due under the original loan transaction(s) so the proposed

8    sale will result in a loss and the delay may even mitigate that loss since the delay will afford the

9    market more time to recover.

10   **CONCLUSION:**

11       Plaintiff has shown she is entitled to the injunctive relief requested because of the

12   irreparable harm that will result if the order is not granted, the relative lack of harm to

13   Defendants if the order is granted, the likelihood of success on the merits, and because doing so

14   will serve the public interest.

15       **WEREFORE**, based on the foregoing, Plaintiff respectfully requests this Court grant the

16       following relief:

17       A.  an order restraining and enjoining all Defendants, their officers, directors, agents,

18           employees, attorneys and any person acting in concert with them or who are acting

19           under their direction, from transferring, selling, or otherwise disposing of the

20           residence located at 2804 E Gary Way in Phoenix, AZ 85042;

21       B.  for an Order for Defendants to Appear and Show Cause why a preliminary injunction

22           should not issue in this action;

23       C.  an order cancelling and voiding the current Notice(s) of Trustee Sale;

24       D.  an order waiving the requirement of a bond or, in the alternative order a *de minimus*

25           bond;

1    E.  such other and further relief as this Court deems just and proper.

2    RESPECTFULLY SUBMITTED and DATED this _1_ day of _July_, 2009 by:

3

4    _____ Bar # 021999
     Robert R. Jung, Attorney for ~~for~~

5    Plaintiff

6

7    COPIES of the foregoing mailed

8    this _1_ day of _July_, 2009 to:

9    EMC Mortgage Corporation
     P.O. Box 293150

10   Lewisville, TX 75029-3150

11   Quality Loan Servicing Corp.
     2141 5th Avenue

12   San Diego, CA 92101

13   Empire Title Company

14   c/o its statutory agent, Thomas Davis
     2400 E Arizona Biltmore Cir Dr #1150

15   Phoenix, AZ 85016

16   Artisan Mortgage
     9051 W. Kelton Lane # 8

17   Peoria, Arizona 85382

18   this _1_ day of _July_, 2009 by:

19

20   /

21   //
     ///

22

23

24

25

-9-





1  Law Offices of Robert R. Jung
   Robert R. Jung (014198)
2  Attorney at Law
   21001 N. Tatum Blvd., Ste 1630-725
3  Phoenix, AZ  85050
   Office: 480.704.5030
4  Fax: 480.907.2692

.///    1 2009

5  **IN THE SUPERIOR COURT IN AND FOR**
   **COUNTY OF MARICOPA, STATE OF ARIZIONA**

6

7  **LISA D. VON DELDEN**, a single woman              Case No.:

8                       Plaintiff,                    CV2009-021424

9        vs.

10                                                     **VERIFIED COMPLAINT**

11 **EMC MORTGAGE CORPORATION;**                       (Quiet Title, Slander of Title, AZ Consumer
                                                       Fraud Act, RICO, Fair Debt Collection
12 **QUALILTY LOAN SERVICE**                           Practices Act, Home Ownership and Equity
   **CORP.;ARTISAN MORTGAGE;**                         Protection Act, Truth in Lending Act, Real
13 **EMPIRE TITLE COMPANY; CITIBANK,**                 Estate Settlement Procedures Act)
   **N.A., as Trustee for the Citificateholders of**
14 **Structured Asset Mortgage Investments II,**       (JURY TRIAL REQUESTED)
   **Inc., Bear Stearns ALT-A Trust, Mortgage**
15 **Pass-Through Certificates, Series 2007-2;**
   **JOHN DOES 1-1000; JANE DOES 1-1000;**
16 **ABC CORPORATIONS I-XX; AND XYZ**
   **PARTNERSHIPS I-XX.**
17
                        Defendants.
18

19        COMES NOW, the Plaintiff, Lisa D. von Delden, by and through undersigned counsel

20 and for her complaint alleges the following:

21 **PARTIES:**

22 1.    Plaintiff Lisa D. von Delden is an unmarried woman residing in the State of Arizona at

23       all times relevant to this Complaint.

24 2.    Plaintiff is a "consumer" as defined by TILA, 15 U.S.C. §1602(h) and Federal Reserve

25       Board Regulation Z, 12 C.F.R. § 226.2(a)(11).

-1-

3.    Defendant Quality Loan Service Corporation, upon information and belief, is a resident corporation of and is organized under the laws of California and doing business in the State of Arizona.

4.    Defendant EMC Mortgage Corporation, upon information and belief, is a resident corporation of and is organized under the laws of Texas and doing business in the State of Arizona.

5.    Defendant Artisan Mortgage Company, upon information and belief, is an Arizona company acting as a mortgage brokerage originating residential mortgages in the state of Arizona.

6.    Defendant Empire Title Company, upon information and belief, is a title and escrow company doing business as such in the State of Arizona.

7.    Defendant "Citibank, N.A., as Trustee for the Citificateholders of Structured Asset Mortgage Investments II, Inc., Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2007-2" is a resident of an unknown jurisdiction and its corporate structure also is unknown to Plaintiff at the time of filing and will become known through future discovery.  Plaintiff will amend this complaint to allege its capacity and role after it is ascertained through the anticipated extensive discovery process.

8.    Defendants JOHN DOES 1-1000; JANE DOES 1-1000; ABC CORPORATIONS I-XX; AND XYZ PARTNERSHIPS I-XX are persons or entities that are unknown to Plaintiffs at this time. Their capacities also are unknown however, upon information and belief, Plaintiffs allege that they are involved in the actions complained of herein as independent actors, or as agents or principals of the other named Defendants. Plaintiff will amend this complaint to allege their true identities, capacities and roles as and when they are ascertained through extensive discovery anticipated.

**JURISDICTION AND VENUE:**

9.    This Court has jurisdiction over these matters, including the emergency, injunctive, provisional and equitable relief sought herein, pursuant to the agreements of the parties referenced herein and pursuant to Arizona Revised Statutes §12-123 et. seq.

10. The acts and omissions complained of herein either occurred within the jurisdictional boundaries of this Court or arise out of such acts or omissions as occurred within the jurisdictional limits of this Court.

11. The acts and/or omissions complained of herein are governed by A.R.S. § 44-1521, et. seq.; A.R.S. § 33-420, et. seq.; 28 U.S.C § 1331; 28 U.S.C § 1332; 28 U.S.C § 1367; 28 U.S.C § 1391; 15 U.S.C § 1692; 12 U.S.C § 2614; 12 U.S.C. Chapter 38; Jurisdiction, Title 12, Regulation Z, Part 226.1(c)(3).

12. This complaint involves violations of State and Federal law. The plaintiff and defendants are citizens of different states and Plaintiff has pursued and exhausted all administrative remedies prior to the filing of this action.

13. Venue is proper pursuant A.R.S. 2-401, et. seq.

**BACKGROUND:**

14. The Plaintiff entered into a residential mortgage contract with Defendant Artisan Mortgage Company of Peoria, Arizona.

15. This action is brought to restrain and enjoin the Defendant Quality Loan Servicing Corp., their agents, employees, representatives, lawyers, directors and officers from taking action to transfer, dispose of, or gain possession and convert Plaintiffs real property via an improper attempt to foreclose a mortgage on the subject property: 2804 E Gary Way Phoenix, AZ 85042.

16. The Defendants all are participants in the securitization scheme described herein and have devised and operate business plans allowing them to reap millions of dollars in profit at the expense of Plaintiff and other investors in certain trust funds and other securities.

**THE SECURITIZATION SCHEME:**

17.  "Securitization" is the financial terminology and technology that integrates the market for private loans with the capital investment markets. In a securitization scheme, pools of loans are created and the cash flows from those pools of receivables are converted into bonds secured by the loans and the bonds are traded on the financial market. The residential mortgage market changed in recent years from one in which lenders originated mortgages for retention in their own portfolios to one in which lenders attempted to generate as many loans as possible in order to sell them on the secondary market to take advantage of this securitization scheme.  Defendants operated in such a manner and originated and traded Plaintiff's loan in such a way.

18.  Securitization also goes by the moniker "structured finance," in part because a securitizer structures the transaction to isolate the loan pool from the original lender. This is done by selling the loan pool to a special purpose vehicle or "SPV" that is owned by, but legally distinct from, the lender. The SPV then resells the loan pool to a second SPV, which is also independent of the lender and typically a trust. This two-tiered structure protects investors by preventing the original lenders' creditors from reaching the assets backing the newly created securities. Rating agencies evaluate and rate the loan pools. To the extent that SPVs protect investors from financial risk, the loan bundle can earn a higher rating than it otherwise would receive.  In this way, the Defendants were able to generate and trade investment-grade loans, including Plaintiff's residential mortgage loan.

19.  The principal and interest payments from the pools of loans are carved into tranches of bonds and rating agencies measure the credit risk of each tranche by comparing the loan pool's characteristics with historical data and forecasting the tranche's performance.  An investment-grade rating serves to assuage investors' concerns about the credit quality of the mortgages backing the securities offered for sale.  In calculating the credit risk of the tranches, rating agencies do not assess the credit worthiness of the underlying loans and

-4-

instead assume the original underwriting process has satisfied that burden.  These defendants knowingly relied on an underwriting system that they knew or had reason to know would not protect the consumer as required by law.

20.   Upon information and belief, once investment-grade ratings were in hand, Defendants sold the mortgage-backed securities to investors receiving two forms of revenue; first from the sale of the securities and second from the "excess spread," which is the right to any interest on the loans that exceeds the interest paid to the investors after deducting expenses on the bonds.  Because the value of the cash proceeds from the sale of the securitized pool plus the excess spread exceeded what they would have achieved from selling the loan whole, Defendants handled Plaintiff's loan in such a way.

21.   Defendants viewed Plaintiff as a means for producing mortgage backed securities to be sold to investors and Defendants knowingly created and sold to Plaintiff such a loan product with little or no regard for her long-term ability to repay the loan and to sustain homeownership, in violation of HOEPA.

22.   This scheme was operated and maintained with the knowledge and cooperation of all Defendants.

23.   Defendants implemented the deceptive scheme through misleading marketing practices designed to sell risky and costly loans to homeowners; the terms and dangers of which were not understood by the average consumer by:

   a.   encouraging borrowers to obtain purchase money financing or refinance with complicated mortgages such as hybrid adjustable rate mortgages (ARMs) or payment option adjustable rate mortgages that were difficult for consumers to understand;

   b.   Marketing these complex loan products to consumers by emphasizing the very low initial "teaser" or "fixed" or "interest only" rates while obfuscating or

1    misrepresenting the future higher monthly payments and interest rate increases or
2    risk of negative amortization.

3    24.   Upon information and belief, Defendants employed various lending practices to further
4    their deceptive scheme including:
5        a.   use of low or no documentation loans which allowed for no verification of stated
6             income or stated assets or both, or no request for income or asset information at all;
7        b.   urging borrowers to encumber their homes up to 100% (or more) of the assessed
8             value;
9        c.   Placing borrowers in second mortgages or HELOCs (Home Equity Line Of Credit)
10            while underestimating and obscuring their future monthly payment obligations.

11   25.   Defendants also furthered their deceptive scheme by utilizing a compensation system that
12   rewarded and encouraged loan officers to sell the risky loan products mentioned above.
13   Defendants were compensated for originating, pooling, and trading Plaintiff's loan as
14   described above.

15   26.   This system of compensation encouraged Defendant Artisan Mortgage to breach their
16   fiduciary duties to Plaintiff by encouraging them to induce her to accept unfavorable loan
17   terms without full disclosure of the her options and also compensated Defendants beyond
18   the reasonable value of the services they rendered.

19   27.   Defendants discarded their fiduciary duty to Plaintiff as a consumer and instead focused
20   maximizing profits on the secondary market.

21   28.   Plaintiff was enticed by a low interest only payment rate and did not fully understand the
22   terms or the financial implications of Defendants' ARM (Adjustable Rate Mortgage) loan
23   products.

24   29.   Defendants misrepresented the true terms of the ARM by:
25       a.   misrepresenting the long-term risk of the ARM;

b.   misrepresenting how difficult it would be for borrower to refinance a ARM loan,

c.   Misrepresenting the possibility that negative amortization could cause principal to increase which also increases the amount of interest, which in turn increases the payment,

d.   misrepresenting that Defendants in the future would be able to waive any prepayment penalties or refinancing fees if borrower refinanced with them when Defendants could not waive such because the Plaintiff's loans were sold on the secondary market, thus, limiting Defendants' authority to make such a waiver.

30.   In an effort to increase their loan originations Defendant Artisan Mtg. knowingly utilized lower-than-industry-standard underwriting criteria and such actions dramatically increased the likelihood that Plaintiff/borrower ultimately would lose her home to foreclosure.  Traditionally, lenders required borrowers seeking mortgage loans to document their income, for example by providing W-2s or tax returns, as well as provide evidence of sufficient assets. Defendants disregarded such requirements by selling SISA loans or NINJAs, acronyms for "stated income, stated assets" and "no income no job assets" respectively and by inducing Plaintiff to purchase such a product.

31.   Plaintiff retained the services of Defendants to negotiate an acceptable loan product thus, Defendants owed a fiduciary duty to the Planitiff/borrower.

32.   Upon information and belief, Defendant Mortgage companies' compensation to Defendant brokers as described above is in violation of RESPA, the Real Estate Settlement Procedures Act.

33.   Such compensation induced Defendants to breach their fiduciary duties to Plaintiff/borrower by selling Plaintiff a high-risk loan product, a no-doc SISA loan, in order to increase profits related to the sale of the loan on the secondary market.

**FACTS:**

-7-

34. Plaintiff obtained financing from lender/broker Artisan Mortgage Company to purchase the real property located at 2804 E. Gary Way in Phoenix, Arizona on or about December of 2006.

35. The loan transaction between Plaintiff and Defendants produced a Deed of Trust dated December 22, 2006 indicating that Defendant Artisan Mortgage Company was the "lender," Plaintiff was the "Borrower," Empire Title Agency was the "Trustee."

36. The next filing recorded with the Maricopa county recorders' office related to this property is a notice of Substitution of Trustee by, "Citibank, N.A., as Trustee for the Citificateholders of Structured Asset Mortgage Investments II, Inc., Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2007-2" purporting to substitute Quality Loan Service Corp, A California Corporation, as "trustee."

37. Defendant Quality Loan Service Corporation then filed a Notice of Trustee's Sale to be held on June 19, 2009.

38. Plaintiff delivered to EMC Mortgage Corp., a Qualified Written Request, Complaint, Dispute of Debt, Validation of Debt Letter, and TILA Request on or about April 29, 2009 demanding, among other things, the identity of the true holder of Plaintiff's Note and any records of securitization of Plaintiff's loan.

39. Defendant has not yet responded fully to that request and so far has provided only copies of some documents but not any documents evidencing the right of Quality Loan Servicing Corp. to take the foreclosure actions that have been taken.

40. The proposed trustee's sale was postponed by Quality Loan Service Corp. only because they determined that Plaintiff/Borrower was entitled to relief under "The Obama Plan" and have demanded three (3) months of payments under such plan.

**COUNT ONE:**
**VIOLATION OF THE ARIZONA ASSIGNMENT AND SATISFACTION OF**
**MORTGAGE STATUTES.**

41. Plaintiff reaffirms, re-alleges and incorporates by reference the foregoing paragraphs.

42. Arizona's recording statue requires that all conveyances of interests in real estate be acknowledged and recorded per A.R.S. § 33-412.

43. A conveyance not notarized and recorded is otherwise void.

44. There is no recorded chain of title/interest that affords Defendant Quality Loan Service Corp a legal remedy of foreclosure.

45. Inconsistencies in the instruments recorded by Defendants create conflict and do not present the entire chain of custody of the Note related to Plaintiff's loan.

46. Defendants Quality Loan Servicing Corp. and EMC Mtg. Corp. have not satisfied the burden of demonstrating standing at the time of recording the Substitution of trustee and the trustee's Sale.

47. Because Defendants have not proven a conveyance recorded before foreclosure proceedings began, they cannot go forward with the Trustee's Sale unless and until such proof is made.

48. A.R.S. § 33-420(A), states that [a] person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, along with reasonable attorney fees and costs of the action.

49. As a direct and proximate cause of Defendants' action, Plaintiff has suffered mental anguish and physical illness as direct result of stress caused by Defendants' actions. In addition, Plaintiff has suffered substantial economic harm including but not limited to the

-9-

loss of equity in the home, and the imminent prospect of being foreclosed and evicted from her home.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

    a.    ordering that the Trustee Sale be cancelled immediately;

    b.    award the full extent of monetary damages available under the law to Plaintiff;

    c.    award punitive damages to the fullest extent available under the law to Plaintiff;

    d.    A determination that Defendants have no legal claim to title of the subject property.

    e.    An award of attorney's fees and costs to the Plaintiff;

    f.    For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

**COUNT TWO:**
**VIOLATION TO THE TRUTH IN LENDING ACT, 15 U.S.C. § 1601 et seq.; and THE REAL ESTATE SETTLEMENT PROCEDURES ACT**

50.    Plaintiff reaffirms, re-alleges and incorporates by reference the foregoing paragraphs.

51.    Defendants had a fiduciary obligation to ensure that Plaintiff received all required disclosures pursuant to the Truth-In- Lending Act and RESPA both before and after the closing and failed in that duty.

52.    Plaintiff reasonably relied to her detriment upon the Defendants to ensure that the consumer credit transaction was legal, proper, and that their actions complied with all applicable laws, rules, and Regulations.

53.    Defendants failed to provide an accurate good faith estimate (GFE) Itemization of Amount Financed ("IOAF") prior to closing and there was no disclosure of a loan discount fee paid to the lender, Artisan Mortgage Company, prior to closing as required by the Real Estate Settlement Procedures Act ("RESPA") pursuant to 24 FR sec. 3500.6

1   and 35007, otherwise known as the Truth-In-Lending Act pursuant to 12 CFR (also

2   known as and referred to herein as "Regulation Z) sec. 226.17 and 18.

3   54.   Upon information and belief, the Defendants also are in violation of 12 CFR sec. 226.17

4   and .18, in addition to 15 USC 1602(u), based on a failure to disclose and gain approval

5   of the total amount financed, which must be completely accurate with no tolerance or

6   variation.

7   55.   At no time did any of the Defendants advise Plaintiff (nor, as far as Plaintiff can

8   determine, any "investor" in the certificates of mortgage-backed securities):

9         a.   that the mortgage loan being processed was not in her best interest;

10        b.   that the terms of the mortgage loan being processed were less favorable than the

11             fixed-rate loan which Defendants previously advised Plaintiff that they qualified for;

12        c.   that the mortgage loan was an inter-temporal transaction; i.e., one where terms,

13             risks, or other provisions at the commencement of the transaction differ significantly

14             at a later time;

15        d.   that Plaintiff may be placed in a position of default, foreclosure, and deficiency

16             judgment regardless of whether she met her loan obligations once the true lender or

17             true holder(s) in due course appeared;

18        e.   that the originating "lender" may have and probably had already pre-sold the loan,

19             prior to closing, to a third party mortgage aggregator;

20        f.   that the mortgage loan was intended to be sold repeatedly and assigned to multiple

21             third parties, including one or more mortgage aggregators and investment bankers

22             (including but not limited to Defendants DOES 1-10), for the ultimate purpose of

23             bundling the Plaintiff' mortgage as part of a tranche in connection with the creation

24             of a "mortgage-backed security" to be sold by a securities firm;

25

-11-

g.   that the mortgage instrument and Promissory Note may be sold, transferred, or assigned separately to separate third parties so that the later "holder" of the Promissory Note may not be in privity with or have the legal right to foreclose in the event of default;

h.   that in connection with the multiple down-line resales and assignments of the mortgage and Promissory Note that assignees or purchasers of the Note may make "pay-downs" against the Note which may effect the true amount owed by the Plaintiff on the Note;

i.   that as a result of the closing and in connection therewith, Artisan Mortgage, or its agents or assigns or others under its direction, placed the Plaintiff's loan into a pool of mortgages that may include sub-prime loan products,

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

a.   Judgment ordering that the Trustee Sale be cancelled immediately;

b.   Awarding actual damages to be established at trial pursuant 15 U.S.C. § 1640;

c.   Awarding Plaintiff costs and reasonable attorneys fees in accordance with 15 U.S.C. § 1640; and

d.   For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

**COUNT THREE:**
**VIOLATION TO THE HOME OWNERSHIP AND EQUITY PROTECTION ACT (HOEPA), 15 U.S.C. § 1639**

56.   Plaintiff reaffirms, re-allege and incorporate by reference the foregoing paragraphs.

57.   HEOPA prohibits Defendants from engaging in a pattern or practice of extending high-cost loans without regard to Plaintiff's ability to repay from sources other than the encumbered home's equity.

-12-

58. The transaction entered into by Plaintiff and Defendants is a HOEPA mortgage as set forth in 15 U.S.C. § 1602 et. seq.

59. Upon information and belief, Defendant Mortgage companies violated the disclosure requirements for a HOEPA mortgage as set forth in 15 U.S.C. § 1609 et. seq.

60. Upon information and belief, Defendants violated 15 U.S.C. § 1639(h) which prohibits a creditor from engaging in a pattern or practice of extending credit to consumers based on the consumer's collateral if, considering the consumer's current and expected income, current obligations, and employment status the consumer will be unable to make the scheduled payments to repay the obligation.

61. A creditor violates Reg. Z, 12 C.F.R. § 226.34(a)(4) if the creditor does not verify and document the borrower's ability to repay. Traditional underwriting criteria such as debt-to-income ratio, loan-to-value ratio, FICO score, reserves, and work history ensures a borrower's ability to repay a loan. These Defendants circumvented the underwriting process placing the Plaintiff in a "no doc" loan thereby raising the presumption that there was a violation of Reg Z. Such predatory lending practices allow a lender to make a quick profit from the origination and sale of a loan but sets up the borrower for default and foreclosure.

62. Defendants' pattern or practice of such lending entitles Plaintiff to actual and statutory damages under 15 U.S.C. § 1640(a).

63. As a direct and proximate cause of Defendants' actions Plaintiff has suffered mental anguish and physical illness as direct result of stress caused by Defendants. In addition, Plaintiff has suffered substantial economic harm including but not limited to the loss of equity in the home and the imminent prospect of being foreclosed and evicted from her home.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants as follows:

-13-

a.    ordering that the Trustee Sale be cancelled immediately;

b.    Plaintiff be awarded the fullest extent of monetary damages under the law;

c.    Plaintiff be awarded punitive damages to the fullest extend available under the law;

d.    A determination that Defendants have no legal claim to title of the subject property;

e.    An award of reasonable attorneys fees and costs to the Plaintiff; and

f.    For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

**COUNT FOUR:**
**COMMERCIAL CODE and REAL ESTATE CONVEYANCES STATUTES**

64.   Plaintiff reaffirms, re-alleges and incorporates by reference the foregoing paragraphs.

65.   The promissory note referred to in the Deed of Trust is a negotiable instrument governed by A.R.S. § 44-3104 et. seq.

66.   Arizona's recording statute requires that all conveyances of real estate be acknowledged and recorded.

67.   A land conveyance not properly acknowledged and recorded is void under Arizona law.

68.   Defendant Quality Loan Serving Corp. has failed to substantiate a chain of title leading to their proper interest in the Deed of Trust and the Note related to the subject property.

69.   Upon information and belief, Defendants are not in possession of the Promissory Note or the Deed of Trust and therefore cannot enforce those instruments.

70.   Upon information and belief, neither Defendant Quality Loan Servicing Corp nor the other Defendants meet the definition of a holder in due course of the Note.

71.   As a direct and proximate cause of Defendants' actions Plaintiff has suffered mental anguish and physical illness as a direct result of stress caused by Defendants. In addition,

Plaintiff has suffered substantial economic harm including but not limited to the loss of equity in the home and the imminent prospect of being foreclosed and evicted from her home.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants as follows:

a.   Judgment ordering that the Trustee Sale be cancelled immediately;

b.   that Plaintiff be awarded monetary damages to the fullest extent available under the law;

c.   that Plaintiff be awarded punitive damages to the fullest extent available under the law;

d.   that Defendants have no legal claim to title of the subject property;

e.   an award of attorneys fees and costs to Plaintiff; and

f.   For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

**COUNT FIVE:**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

72.   Plaintiff reaffirms, re-alleges and incorporates by reference the foregoing paragraphs.

73.   Upon information and belief, Defendants Quality Loan Service Corp and EMC Mortgage Corp. violated the FDCPA, 15 U.S.C. §1692f, by using unfair and unconscionable methods to collect a debt allegedly owed to them by plaintiff.

74.   Defendants violated the FDCPA, 15 U.S.C.§ 1692d(1)and (5) and (6) by:

a.   threatening to foreclose on the Plaintiff's home even though Defendants have no present right to do so;

b.   causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, and

-15-

c.  the placement of telephone calls without meaningful disclosure of the caller's
    identity, in violation of 15 U.S.C. § 1692d(6).

75.  Plaintiff is entitled to statutory damages for such violations.

76.  As a direct and proximate cause of Defendants' actions Plaintiff has suffered mental anguish and physical illness as direct result of stress caused by Defendants. In addition, Plaintiff has suffered substantial economic harm including but not limited to the loss of equity in the home and the imminent prospect of being foreclosed and evicted from her home.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

a.  Judgment ordering that the Trustee Sale be cancelled immediately;

b.  An award to Plaintiff of monetary damages to the greatest extent available under the law.

c.  An award to Plaintiff of punitive damages to the fullest extent available under the law.

d.  A determination that Defendants have no legal claim to title of the subject property;

e.  An award of reasonable attorneys fees and costs to Plaintiff; and

f.  For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

**COUNT SIX:**
**FRAUD, MISREPRESENTATION AND CONSPIRACY**

77.  Plaintiff reaffirms, re-alleges and incorporates by reference the foregoing paragraphs.

78.  Defendant Artisan Mortgage Co., EMC Mortgage Corp., and Quality Loan Servicing Corp. made representations and omissions to plaintiff, including, but not limited to those set forth more fully above and below.

79.  The representations and omissions described above and below, among others, were false.

-16-

80. The representations and omissions described above and below, among others, were material.

81. Defendants made these and other representations and omissions with knowledge of their falsity.

82. Defendants made these and other representations and omissions to induce Plaintiffs to enter into or remain in a predatory loan transaction.

83. Plaintiff had no reason to question the truth of Defendants' representations and omissions and Plaintiffs were not aware that defendants' representations and omissions were false.

84. Plaintiffs relied on the truth of Defendants' representations and omissions to the Plaintiff's detriment.

85. Had Plaintiff known of the falsity of Defendants' representations, plaintiff would not have entered into the transactions that are the subject of this action.

86. Defendants have engaged in an unlawful conspiracy for the purpose of unjustly enriching themselves in violation of law.

87. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered mental anguish and physical illness as a direct result of stress caused by Defendants. In addition, Plaintiff has suffered substantial economic harm including but not limited to the loss of equity in the home and the imminent prospect of being foreclosed and evicted from her home.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

    a.  Judgment ordering that the Trustee Sale be cancelled immediately;

    b.  Plaintiff be awarded monetary damages to the fullest extent available under the law;

    c.  Plaintiff be awarded punitive damages to the fullest extent available under the law;

    d.  For actual and consequential damages as may be proved at trial;

    e.  A determination that Defendants have no legal claim to title of the subject property;

f.   An award of reasonable attorneys fees and costs to Plaintiff; and

g.   For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

**COUNT SEVEN:**
**CONVERSION/CIVIL THEFT**

88.   Plaintiff reaffirms, re-alleges and incorporates by reference the foregoing paragraphs.

89.   Defendants have intentionally seized, held or otherwise interfered with Plaintiff's beneficial and peaceful enjoyment of her property without legal justification or privilege.

90.   By their conduct, Defendants have converted Plaintiff's property to their own use, or they hold the Property for the benefit of an unknown Defendant.

91.   Defendants' actions were deliberate, harmful, and in bad faith.

92.   As a direct and proximate cause of Defendants' action, Plaintiff has suffered mental anguish and physical illness as a direct result of stress caused by Defendants. In addition, Plaintiff has suffered substantial economic harm including but not limited to the loss of equity in the home and the imminent prospect of being foreclosed and evicted from her home.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants as follows:

a.   Judgment ordering that the Trustee Sale be cancelled immediately;

b.   Plaintiffs be awarded monetary damages to the fullest extent available under the law;

c.   Plaintiffs be awarded punitive damages to the fullest extent available under the law;

d.   For actual and consequential damages as may be proved at trial;

e.   A determination that Defendants have no legal claim to title of the subject property;

f.   Reasonable attorneys fees and costs are to be awarded to Plaintiffs; and

g.   such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

**COUNT EIGHT:**

**VIOLATION TO R.I.C.O. 18 U.S.C. §§ 1961 *et seq* and A.R.S. § 13-2314 *et seq*.**

93.  Plaintiff reaffirms, re-alleges and incorporates by reference the foregoing paragraphs.

94.  Defendants have used or are attempting to use non-judicial means to foreclose on the Plaintiffs' Property.

95.  Defendants do not have a legal right to foreclose on said Property. The attempted use of non-judicial means to foreclose on Plaintiffs' Property and collect on the unsubstantiated debt is extortion as set forth at A.R.S. § 13-2301(D)(4).

96.  In undertaking the aforesaid acts, Defendants were participating in and have participated in a scheme of racketeering as that term is defined in RICO, 18 U.S.C. §§ 1961 *et seq*. and A.R.S. § 13-2314 *et seq*.

97.  As a result of Defendants' misconduct in violation of A.R.S. § 13-2314, *et seq.*, Plaintiffs have sustained reasonably foreseeable injury to their property and Plaintiffs are thus entitled to the remedies available under RICO in civil actions.

98.  As a direct and proximate cause of Defendants' action, Plaintiff has suffered mental anguish and physical illness as direct result of stress caused by Defendants. In addition, Plaintiff has suffered substantial economic harm including but not limited to the loss of equity in the home and the imminent prospect of being foreclosed and evicted from her home.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants as follows:

    a.  Judgment ordering that the Trustee Sale be cancelled immediately;

    b.  Plaintiff be awarded monetary damages available under the law;

    c.  Plaintiff be awarded punitive damages to the fullest extent available under the law;

    d.  For actual and consequential damages as may be proved at the time of trial;

    e.  A determination that Defendants have no legal claim to title of the subject property;

    f.  An award of reasonable attorneys fees and costs to Plaintiff; and

g. For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

**COUNT NINE:**
**UNJUST ENRICHMENT**

99.   Plaintiff reaffirms, re-alleges and incorporates by reference the foregoing paragraphs.

100.   The actions of Defendants in foreclosing Plaintiffs' Property in violation of law would result in Defendants being unjustly enriched.

101.   As a direct and proximate cause of Defendants' action, Plaintiff has suffered mental anguish and physical illness as a direct result of stress caused by Defendants. In addition, Plaintiff has suffered substantial economic harm including but not limited to the loss of equity in the home and the imminent prospect of being foreclosed and evicted from her home.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

a. Judgment ordering that the Trustee Sale be cancelled immediately;

b. Plaintiffs be awarded monetary damages to the fullest extent available under the law;

c. Plaintiffs be awarded punitive damages to the fullest extent available under the law;

d. For actual and consequential damages as may be proved at the time of trial;

e. A determination that Defendants have no legal claim to title of the subject property;

f. An award of reasonable attorneys fees and costs to Plaintiff; and

g. For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

**COUNT ELEVEN:**
**SLANDER ON TITLE**

102.   Plaintiff reaffirms, re-alleges and incorporates by reference the foregoing paragraphs.

103.   Defendant Quality Loan Servicing Corp., by filing an invalid notice of Trustee's Sale has caused a cloud on the title of Plaintiff's property.

104.  As a direct and proximate cause of Defendants' action, Plaintiff has suffered mental anguish and physical illness as direct result of stress caused by Defendants. In addition, Plaintiff has suffered substantial economic harm including but not limited to the loss of equity in the home and the imminent prospect of being foreclosed and evicted from her home.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants as follows:

    a.  Judgment ordering that the Trustee Sale be cancelled immediately;

    b.  Plaintiffs be awarded monetary damages to the fullest extent available under the law;

    c.  Plaintiffs be awarded punitive damages to the fullest extent available under the law;

    d.  For actual and consequential damages as may be proved at trial;

    e.  A determination that Defendants have no legal claim to title of the subject property;

    f.  An award of reasonable attorneys fees and costs to Plaintiffs; and

    g.  For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

**COUNT TWELVE:**
**QUIET TITLE**

105.  Plaintiff reaffirms, re-alleges and incorporates by reference the foregoing paragraphs.

106.  Defendants make a claim adverse to Plaintiff by claiming they are a holder in due course of the Promissory Note and Deed of Trust on the subject property.

107.  The recordings in the records of the county in which the property is found do not bear that out. County records show inconsistencies on instruments recorded by Defendants which create conflict.

108.  There is no recorded evidence of a proper chain of assignments demonstrating Quality Loan Serving Corp.'s standing at the time of recording of the Substitution of trustee and the Notice of Trustee's Sale.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

    a.  Judgment ordering that the Trustee Sale be cancelled immediately;

    b.  Plaintiff be awarded monetary damages to the fullest extent available under the law;

    c.  Plaintiff be awarded punitive damages to the fullest extent available under the law;

    d.  For actual and consequential damages as may be proved at trial;

    e.  A determination that Defendants have no legal claim to title of the subject property;

    f.  An award of reasonable attorney fees and costs to Plaintiffs; and

    g.  For such other and further equitable relief, declaratory relief and legal damages as
       may be permitted by law and as the court may consider just and proper.

**COUNT THIRTEEN:**
**BREACH OF FIDUCIARY DUTY**

109.  Plaintiff reaffirms, re-alleges and incorporates by reference the foregoing paragraphs.

110.  Defendant Artisan Mortgage Co., by providing mortgage loan services and a loan
      program to plaintiff, had a fiduciary duty to Plaintiff.

111.  Plaintiff relied on Defendants to abide by their fiduciary duties in that Plaintiff is not an
      investment banker, security dealer, mortgage lender, or mortgage broker.

112.  Plaintiff reasonably relied on Defendants to sell her a loan product that was well-suited to
      her income and expenses such that Plaintiff would also be able to satisfy her existing
      obligations without risk of losing her home to foreclosure.

113.  Defendants breached their fiduciary duties to the plaintiff by fraudulently inducing
      Plaintiff to enter into mortgage transaction(s) which were contrary to the Plaintiff's stated
      intent, contrary to the Plaintiff's interests, and in violation of relevant state and federal
      statutes.

114.  As a direct and proximate cause of Defendants' actions, Plaintiff has suffered mental
      anguish and physical illness as a direct result of stress caused by Defendants. In addition,
      Plaintiff has suffered substantial economic harm including but not limited to the loss of

1   equity in the home and the imminent prospect of being foreclosed and evicted from her

2   home.

3   **WHEREFORE,** Plaintiff prays that judgment be entered against Defendants as follows:

4       a.   Judgment ordering that the Trustee Sale be cancelled immediately;

5       b.   Plaintiff be awarded monetary damages to the fullest extent available under the law;

6       c.   Plaintiff be awarded punitive damages to the fullest extent available under the law;

7       d.   A determination that Defendants have no legal claim to title of the subject property;

8       e.   An award of reasonable attorney fees and costs be awarded to Plaintiff; and

9       f.   For such other and further equitable relief, declaratory relief and legal damages as

10         may be permitted by law and as the court may consider just and proper

11  **COUNT FOURTEEN:**
    **VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT, A.R.S. § 44-1521, *et seq.***

12

13  115.   Plaintiff reaffirms, re-alleges and incorporates by reference the foregoing paragraphs.

14  116.   Defendants above- and below-described actions constitute violations of the Arizona

    Consumer Fraud Act; A.R.S. § 44-1521, *et seq.* ("ACFA").

15
16  117.   Defendants made the misrepresentations described above with the intent and for the

17        purpose of inducing Plaintiffs into a predatory agreement for financing and did not

    provide closing documents required by Arizona and Federal Law.

18  118.   Plaintiff was never aware of the alleged proper assignment of the Deed of Trust and the

19        Note to Defendant Quality Loan Servicing Corp. and such assignment is not recorded

20        with the Maricopa County recorder as required by Arizona Law.

21  119.   In the course of the transactions, each defendant made one or more misrepresentations

22        and/or failed to make accurate representations and/or failed to provide material

23        information about the transactions and the parties to those transactions as set forth more

24        fully above.

25

120.     Said misrepresentations and failure to make accurate representations were made knowingly or with reason to know that Plaintiffs would rely thereon.

121.     Said misrepresentations and failure to make accurate representations were material to the transactions.

122.     Defendants knowingly and intentionally concealed material information from Plaintiff, such information as is required by Federal statutes and regulations to be disclosed both before and at closing.

123.     Under the circumstances, the material omissions and material misrepresentations of the Defendants were malicious.

124.     Plaintiff was unaware that the representations described above were false.

125.     Plaintiffs acted in reasonable reliance on the representations and to their detriment.

126.     Because of the above fraudulent misrepresentations and concealment, Plaintiffs did not pursue other available arrangements.

127.     The acts by Defendants constitute consumer fraud in violation of Arizona Consumer Fraud Act, A.R.S. § 44-1521, *et seq.*

128.     Plaintiff is a common member of the public whose inability to fully understand the intricacies of the above-mentioned transactions made her a likely target of Defendants' deceptive and unfair practices and acts.

129.     Plaintiff, not being an investment banker, securities dealer, mortgage lender, or mortgage broker, reasonably relied upon the representations of the Defendants in agreeing to enter into the above-referenced transactions, to his detriment.

130.     Defendants' pattern of deception and misrepresentation is unconscionable in taking advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

131.     In violating the ACFA, the Defendants acted with an evil mind, either intending to injure the Plaintiffs or consciously disregarding the substantial risk that their conduct would cause significant harm to the plaintiffs.

132.    As a direct and proximate cause of Defendants' action, Plaintiff has suffered mental anguish and physical illness as direct result of stress caused by Defendants. In addition, Plaintiff has suffered substantial economic harm including but not limited to the loss of equity in the home and the imminent prospect of being foreclosed and evicted from her home.

**WHEREFORE**, Plaintiff prays this Court that judgment be entered against Defendants as follows:

a.   Judgment ordering that the Trustee Sale be cancelled immediately;

b.   Plaintiff be awarded monetary damages to the fullest extent available under the law;

c.   Plaintiff be awarded punitive damages to the fullest extent available under the law;

d.   For actual and consequential damages as may be proved at trial;

e.   A determination that Defendants have no legal claim to title of the subject property;

f.   An award of reasonable attorney fees and costs to Plaintiffs; and

g.   For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper

Plaintiff reserves the right to amend this Complaint, asserting other facts, entities, and causes of action after more full investigation and discovery.

Plaintiff hereby demands trial by jury in this matter.

RESPECTFULLY SUBMITTED and DATED this _1_ day of _July_, 2009.

Robert R. Jung, Attorney
For the Plaintiff

ORIGINAL of the foregoing
Sent for filing this _1_ day of
_July_, 2009 at:

Maricopa Superior Court

-25-

1  201 W. Jefferson St.
   Phoenix, AZ 85003
2

3  COPY of the foregoing sent this
   __/__ day of ___July___, 2009 to:
4

5  EMC Mortgage Corporation
   P.O. Box 293150
   Lewisville, TX 75029-3150
6

7  Quality Loan Servicing Corp.
   2141 5th Avenue
   San Diego, CA 92101
8

9  Empire West Title Company
   2400 E Arizona Biltmore Cir Dr #1150
10 Phoenix, AZ 85016
   c/o its statutory agent, Thomas O Davis
11

12 Artisan Mortgage
   9051 W. Kelton Lane # 8
   Peoria, Arizona 85382
13

   By: _____
14

15 \
   \\
16 \\\

17

18

19

20

21

22

23

24

25

-26-

Law Offices of Robert R. Jung
Robert R. Jung (014198)
Attorney at Law
21001 N. Tatum Blvd., Ste 1630-725
Phoenix, AZ  85050
Office: 480.704.5030
Fax: 480.907.2692

**IN THE SUPERIOR COURT IN AND FOR**
**COUNTY OF MARICOPA, STATE OF ARIZIONA**

| | |
|---|---|
| **LISA D. VON DELDEN**, a single woman | Case No.: |
| Plaintiff, | |
| vs. | **VERIFICATION** |
| **EMC MORTGAGE CORPORATION;** **QUALILTY LOAN SERVICE** **CORP.;ARTISAN MORTGAGE;** **EMPIRE TITLE COMPANY; CITIBANK,** **N.A., as Trustee for the Citificateholders of** **Structured Asset Mortgage Investments II,** **Inc., Bear Stearns ALT-A Trust, Mortgage** **Pass-Through Certificates, Series 2007-2;** **JOHN DOES 1-1000; JANE DOES 1-1000;** **ABC CORPORATIONS I-XX; AND XYZ** **PARTNERSHIPS I-XX.** | |
| Defendants. | |

STATE OF ARIZONA         )
                         ) ss.
County of Maricopa       )

    **Lisa D. von Delden**, being first duly sworn upon his oath, deposes and states as follows:

1.    I am a Plaintiff in the above-captioned action.  I have personal knowledge of the facts stated in the Complaint.

2.    I have read the Complaint and know its contents.

-1-

3.      The Complaint is true of my personal knowledge except for those matters stated upon information and belief, and as to those matters I believe them to be true.

DATED this __1__ day of _JULY_, 200_7_.

_(signature)_
Lisa D. von Delden

**SUBSCRIBED AND SWORN** to before me, the undersigned Notary Public, this _1st_ of _July_, 20_09_ by Lisa D. von Delden.

My Commission Expires: _8/27/12_

_(signature)_
Notary Public

Notary Public State of Arizona
Maricopa County
Patty Hamann
My Commission Expires
08/27/2012

-2-

COPY

1   Law Offices of Robert R. Jung
    Robert R. Jung (014198)
2   Attorney at Law
    21001 N. Tatum Blvd., Ste 1630-725
3   Phoenix, AZ 85050
    Office: 480.704.5030
4   Fax: 480.907.2692

5                  IN THE SUPERIOR COURT IN AND FOR
                COUNTY OF MARICOPA, STATE OF ARIZIONA

6

7   LISA D. VON DELDEN, a single woman     Case No.: **CV2009-021424**

8           Plaintiff,

9       vs.                   **ORDER TO APPEAR AND SHOW
10   EMC MORTGAGE CORPORATION;     CAUSE WHY THE INJUNCTIVE
    QUALILTY LOAN SERVICE          RELIEF REQUESTED SHOULD NOT
11   CORP.;ARTISAN MORTGAGE;       ISSUE**
    EMPIRE TITLE COMPANY; CITIBANK,
12   N.A., as Trustee for the Citificateholders of
    Structured Asset Mortgage Investments II,
13   Inc., Bear Stearns ALT-A Trust, Mortgage
    Pass-Through Certificates, Series 2007-2;
14   JOHN DOES 1-1000; JANE DOES 1-1000;
    ABC CORPORATIONS I-XX; AND XYZ
15   PARTNERSHIPS I-XX.

16

17           Defendants.

18         This matter having come before this court on Plaintiff's application and this Court having

19   considered the accompanying Complaint and good cause appearing therefrom;

20   IT IS HEREBY ORDERED: that Defendants appear before this Court on the on the ___13___ day

21   of ___July___, 20_09_ at Courtroom _CCB 402_ at _2:00_ am/pm to show cause, if any

22   exists, why the injunctive relief requested by Plaintiff should not issue.

23   DATED:   July 2, 2009              _[signature]_
24                            Judge S. Myers, Maricopa Superior Court

25

**THE J.ROSS FIRM**
668 N. 44ᵗʰ St., Ste. 300
Phoenix, Arizona 85008
Telephone: (602) 685-1177
Facsimile: (602) 926-8037
Attorney for

Jane O. Ross – SBN 21999
jane@TheJRossFirm.com

MICHAEL K. JEANES, CLERK
RECEIVED CCC#4
NIGHT DEPOSITORY

09 JUL -7 PM 1:08

ORIGINAL FILED
BY A. Ashra DEP.

## IN THE SUPERIOR COURT IN AND FOR
## COUNTY OF MARICOPA, STATE OF ARIZONA

LISA D. VON DELDEN, a single woman

Plaintiff,

vs.

EMC MORTGAGE CORPORATION;
QUALILTY LOAN SERVICE
CORP.;ARTISAN MORTGAGE;
EMPIRE TITLE COMPANY; CITIBANK,
N.A., as Trustee for the Citificateholders of
Structured Asset Mortgage Investments II,
Inc., Bear Stearns ALT-A Trust, Mortgage
Pass-Through Certificates, Series 2007-2;
JOHN DOES 1-1000; JANE DOES 1-1000;
ABC CORPORATIONS I-XX; AND XYZ
PARTNERSHIPS I-XX.

Defendants.

Case No.: CV2009-021424

**SUMMONS**

IF YOU WANT THE ADVICE OF A
LAWYER, YOU MAY WISH TO CONTACT
THE LAWYER REFERRAL SERVICE AT
602-257-4434 OR ON-LINE AT
WWW.LAWYERFINDER.ORG. LRS IS
SPONSORED BY THE MARICOPA
COUNTY BAR ASSOCIATION

> **WARNING:  This is an official document from the court that affects your rights.
> Read this carefully.  If you do not understand it, contact a lawyer for help.**

FROM THE STATE OF ARIZONA TO:     **EMC MORTGAGE CORPORATION**

1.      A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are
served on you with this "Summons".

2.      If you do not want a judgment or order taken against you without your input, you must
file an "Answer" or a "Response" in writing with the Court, and pay the filing fee.  If you do not

-Page 1 of 2-

THE J.ROSS FIRM
668 n.44ᵗʰ St., Ste. 300
PHOENIX, ARIZONA 85008

1  file an "Answer" or "Response", the Plaintiff may be given the relief requested in his/her Petition

2  or Complaint.  You are required to serve a copy of any "Response" or "Answer" upon Plaintiff's

3  attorney at address above.

4  3.      If this "Summons" and the other court papers were served on you by a registered process

5  server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed

6  within TWENTY (20) CALENDAR DAYS from the date you were served.  If this "Summons"

7  and the other papers were served on you by a registered process server or the Sheriff outside the

8  State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from

9  the date you were served.  Service by a registered process server or the Sheriff is complete when

10  made.  Service by Publication is complete thirty (30) days after the date of the first publication.

11  4.      You can get a copy of the court papers filed in this case from the Plaintiff's attorney at

12  the address at the top of this paper, or from the Clerk of the Superior Court of Maricopa County.

13  5.      Requests for reasonable accommodation for persons with disabilities must be made to the

14  office of the Judge or Commissioner assigned to the case at least five (5) days before your

15  scheduled court date.

                                                      JUL  1 2009

      SIGNED AND SEALED this date:

                              MICHAEL K. JEANES,
                              Clerk of the Court

                              By:

                              Deputy Clerk



THE J. ROSS FIRM
648 n. 44ᵗʰ St., Ste. 300
PHOENIX, ARIZONA 85008

-Page 2 of 2-

**THE J.ROSS FIRM**
*668 N. 44ᵗʰ St., Ste. 300*
*Phoenix, Arizona 85008*
Telephone: (602) 685-1177
Facsimile: (602) 926-8037
Attorney for

Jane O. Ross – SBN 21999
jane@TheJRossFirm.com

MICHAEL K. JEANES CLERK
RECEIVED CCO#4
NIGHT DEPOSITORY

09 JUL -7 PM 1:09

FILED
BY A. Ashe, DEP.



## IN THE SUPERIOR COURT IN AND FOR
## COUNTY OF MARICOPA, STATE OF ARIZIONA

| | |
|---|---|
| **LISA D. VON DELDEN**, a single woman | Case No.:    CV2009-021424 |
| Plaintiff, | |
| vs. | SUMMONS |
| **EMC MORTGAGE CORPORATION; QUALILTY LOAN SERVICE CORP.;ARTISAN MORTGAGE; EMPIRE TITLE COMPANY; CITIBANK, N.A., as Trustee for the Citificateholders of Structured Asset Mortgage Investments II, Inc., Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2007-2; JOHN DOES 1-1000; JANE DOES 1-1000; ABC CORPORATIONS I-XX; AND XYZ PARTNERSHIPS I-XX.** | IF YOU WANT THE ADVICE OF A LAWYER, YOU MAY WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT 602-257-4434 OR ON-LINE AT WWW.LAWYERFINDER.ORG. LRS IS SPONSORED BY THE MARICOPA COUNTY BAR ASSOCIATION |
| Defendants. | |

> **WARNING: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.**

FROM THE STATE OF ARIZONA TO:    **QUALILTY LOAN SERVICE CORP**

1.     A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are served on you with this "Summons".

2.     If you do not want a judgment or order taken against you without your input, you must file an "Answer" or a "Response" in writing with the Court, and pay the filing fee.  If you do not

THE J. ROSS FIRM
408 n 44TH St., Ste 300
PHOENIX, ARIZONA 85008

1    file an "Answer" or "Response", the Plaintiff may be given the relief requested in his/her Petition

2    or Complaint.  You are required to serve a copy of any "Response" or "Answer" upon Plaintiff's

3    attorney at address above.

4    3.      If this "Summons" and the other court papers were served on you by a registered process

5    server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed

6    within TWENTY (20) CALENDAR DAYS from the date you were served.  If this "Summons"

7    and the other papers were served on you by a registered process server or the Sheriff outside the

8    State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from

9    the date you served.  Service by a registered process server or the Sheriff is complete when

10   made.  Service by Publication is complete thirty (30) days after the date of the first publication.

11   4.      You can get a copy of the court papers filed in this case from the Plaintiff's attorney at

12   the address at the top of this paper, or from the Clerk of the Superior Court of Maricopa County.

13   5.      Requests for reasonable accommodation for persons with disabilities must be made to the

14   office of the Judge or Commissioner assigned to the case at least five (5) days before your

15   scheduled court date.

16          SIGNED AND SEALED this date: 

17          MICHAEL K. JEANES,
            Clerk of the Court

18

19   By:

20

21

22

23

24

25

**THE J. ROSS FIRM**
668 N. 44th St., Ste. 300
Phoenix, Arizona 85008
Telephone: (602) 685-1177
Facsimile: (602) 926-8037
Attorney for

Jane O. Ross – SBN 21999
jane@TheJRossFirm.com

ORIGINAL

MICHAEL K. JEANES, CLERK
RECEIVED CCC #4
RIGHT DEPOSITORY

09 JUL -7 PM 1: 09

FILED
BY A. ashr DEP.

## IN THE SUPERIOR COURT IN AND FOR
## COUNTY OF MARICOPA, STATE OF ARIZIONA

LISA D. VON DELDEN, a single woman

Plaintiff,

vs.

EMC MORTGAGE CORPORATION;
QUALILTY LOAN SERVICE
CORP.; ARTISAN MORTGAGE;
EMPIRE TITLE COMPANY; CITIBANK,
N.A., as Trustee for the Citificateholders of
Structured Asset Mortgage Investments II,
Inc., Bear Stearns ALT-A Trust, Mortgage
Pass-Through Certificates, Series 2007-2;
JOHN DOES 1-1000; JANE DOES 1-1000;
ABC CORPORATIONS I-XX; AND XYZ
PARTNERSHIPS I-XX.

Defendants.

Case No.: CV2009-021424

SUMMONS

IF YOU WANT THE ADVICE OF A
LAWYER, YOU MAY WISH TO CONTACT
THE LAWYER REFERRAL SERVICE AT
602-257-4434 OR ON-LINE AT
WWW.LAWYERFINDER.ORG. LRS IS
SPONSORED BY THE MARICOPA
COUNTY BAR ASSOCIATION

> **WARNING: This is an official document from the court that affects your rights.
> Read this carefully. If you do not understand it, contact a lawyer for help.**

FROM THE STATE OF ARIZONA TO:    **EMPIRE TITLE COMPANY**

1.    A lawsuit has been filed against you. A copy of the lawsuit and other court papers are

served on you with this "Summons".

2.    If you do not want a judgment or order taken against you without your input, you must

file an "Answer" or a "Response" in writing with the Court, and pay the filing fee. If you do not

-Page 1 of 2-

file an "Answer" or "Response", the Plaintiff may be given the relief requested in his/her Petition or Complaint.  You are required to serve a copy of any "Response" or "Answer" upon Plaintiff's attorney at address above.

3.       If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served.  Service by a registered process server or the Sheriff is complete when made.  Service by Publication is complete thirty (30) days after the date of the first publication.

4.       You can get a copy of the court papers filed in this case from the Plaintiff's attorney at the address at the top of this paper, or from the Clerk of the Superior Court of Maricopa County.

5.       Requests for reasonable accommodation for persons with disabilities must be made to the office of the Judge or Commissioner assigned to the case at least five (5) days before your scheduled court date.

          SIGNED AND SEALED this date:   JUL 1 2009

                    MICHAEL K. JEANES,
                    Clerk of the Court

          By: 
                    Deputy Clerk

-Page 2 of 2-

**THE J.ROSS FIRM**
*668 N. 44ᵗʰ St., Ste. 300*
*Phoenix, Arizona 85008*
Telephone: (602) 685-1177
Facsimile: (602) 926-8037
Attorney for

MICHAEL K. JEANES, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

09 JUL -7 PM 4 08

FILED
BY A. Asha, DEP

Jane O. Ross – SBN 21999
jane@TheJRossFirm.com

ORIGINAL

IN THE SUPERIOR COURT IN AND FOR
COUNTY OF MARICOPA, STATE OF ARIZONA

CV2009-021424

| | |
|---|---|
| **LISA D. VON DELDEN**, a single woman | Case No.: |
| Plaintiff, | |
| vs. | |
| **EMC MORTGAGE CORPORATION; QUALILTY LOAN SERVICE CORP.;ARTISAN MORTGAGE; EMPIRE TITLE COMPANY; CITIBANK, N.A., as Trustee for the Citificateholders of Structured Asset Mortgage Investments II, Inc., Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2007-2; JOHN DOES 1-1000; JANE DOES 1-1000; ABC CORPORATIONS I-XX; AND XYZ PARTNERSHIPS I-XX.** | **SUMMONS** |
| Defendants. | IF YOU WANT THE ADVICE OF A LAWYER, YOU MAY WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT 602-257-4434 OR ON-LINE AT WWW.LAWYERFINDER.ORG. LRS IS SPONSORED BY THE MARICOPA COUNTY BAR ASSOCIATION |

**WARNING:  This is an official document from the court that affects your rights. Read this carefully.  If you do not understand it, contact a lawyer for help.**

FROM THE STATE OF ARIZONA TO:    **ARTISAN MORTGAGE**

1.    A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are served on you with this "Summons".

2.    If you do not want a judgment or order taken against you without your input, you must file an "Answer" or a "Response" in writing with the Court, and pay the filing fee.  If you do not

-Page 1 of 2-

THE J.ROSS FIRM
668 n 44ᵗʰ St., Ste. 300
PHOENIX, ARIZONA 85008

1    file an "Answer" or "Response", the Plaintiff may be given the relief requested in his/her Petition

2    or Complaint.  You are required to serve a copy of any "Response" or "Answer" upon Plaintiff's

3    attorney at address above.

4    3.      If this "Summons" and the other court papers were served on you by a registered process

5    server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed

6    within TWENTY (20) CALENDAR DAYS from the date you were served.  If this "Summons"

7    and the other papers were served on you by a registered process server or the Sheriff outside the

8    State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from

9    the date you were served.  Service by a registered process server or the Sheriff is complete when

10   made.  Service by Publication is complete thirty (30) days after the date of the first publication.

11   4.      You can get a copy of the court papers filed in this case from the Plaintiff's attorney at

12   the address at the top of this paper, or from the Clerk of the Superior Court of Maricopa County.

13   5.      Requests for reasonable accommodation for persons with disabilities must be made to the

14   office of the Judge or Commissioner assigned to the case at least five (5) days before your

15   scheduled court date.

16          SIGNED AND SEALED this date:    JUL   1 2009
                                             MICHAEL K. JEANES,
17                                           Clerk of the Court

18                                           By: _____

19                                           Deputy Clerk

THE J. ROSS FIRM
655 n 44ᵗʰ St., Ste. 300
PHOENIX, ARIZONA 85008

-Page 2 of 2-

MICHAEL K. JEANES, CLERK
RECEIVED OCC #4
NIGHT DEPOSITORY

## IN THE SUPERIOR COURT, COUNTY OF MARICOPA,
### STATE OF ARIZONA

09 JUL -7  PM 4: 03

| | | |
|---|---|---|
| LISA D. VON DELDEN | ) | |
| | ) | **FILED** |
| Plaintiff, | ) | BY _a. aohia,_ DEP. |
| | ) | |
| vs. | ) | |
| | ) | |
| EMC MORTGAGE CORPORATION; | ) | Case No.    CV2009 - 021424 |
| QUALITY LOAN SERVICE CORP.; | ) | |
| ARTISAN MORTGAGE; EMPIRE | ) | |
| TITLE COMPANY; CITIBANK N.A., | ) | **AFFIDAVIT OF SERVICE** |
| as Trustee for the Certificateholders of | ) | **OF PROCESS** |
| Structured Asset Mortgage Investments | ) | |
| II, Inc., Bear Stearns ALT-A Trust, | ) | |
| Mortgage Pass-Through Certificates, | ) | |
| Series 2007-2; JOHN DOES 1-1000; | ) | |
| JANE DOES 1-1000; ABC | ) | |
| CORPORATIONS I-XX; AND XYZ | ) | |
| PARTNERSHIPS I-XX. | ) | |
| | ) | |
| Defendants | ) | |

**STATE OF ARIZONA       )**
                                         ss.
**COUNTY OF MARICOPA )**

Now comes Allan M. Wilcox, who first being duly sworn, upon his oath states :

That I am a registered private process server in Maricopa County and an Officer of the Court.

On July 2, 2009 at approximately 1715 hours (5:15PM) I received a conformed copy of a Summons and Petition for Temporary Restraining Order, Preliminary and Permanent Injunction and Order to Show Cause(Expedited Consideration Requested), Certification re: Arbitration, Verified Complaint, Verification, and Order to Appear and Show Cause Why the Injunctive Relief Should Not Issue from **Jane O. Ross, esq. of The Law Offices of Jane O. Ross** in the above captioned case.

Copies of the foregoing documents were served on defendant Artisan Mortgage, LLC, by serving their Statutory Agent Donald Hudspeth, esq., at 1430 hours (2:30PM) on July 7, 2009 at the physical address of 3030 North Central Avenue, Suite 640, Phoenix, Arizona 85012. Attorney Hudspeth may be described as a Caucasian Male adult, 5' 10" tall, 170 lbs., salt and pepper hair and blue eyes.

MICHAEL K. JEANES, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

09 JUL -7  PH 4: 08

_Allan M. Wilcox_

Allan M. Wilcox, #7472

Subscribed and sworn before me this 7th day of July, 2009.

OFFICIAL SEAL
ANTONINA BORUNDA
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Oct. 9, 2011

_Antonina Borunda_
Notary Public

**ANALYTIC RESEARCH**, P.O. Box 56714, Phoenix, Arizona  85079  (602) 292-4879

IN THE SUPERIOR COURT, COUNTY OF MARICOPA,
STATE OF ARIZONA

MICHAEL K. JEANES, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

09 JUL -7 PM 1: 08

FILED
BY _Ω. Ashley_, DEP.

| | | |
|---|---|---|
| LISA D. VON DELDEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EMC MORTGAGE CORPORATION; | ) | |
| QUALITY LOAN SERVICE CORP.; | ) | |
| ARTISAN MORTGAGE; EMPIRE | ) | |
| TITLE COMPANY; CITIBANK N.A., | ) | |
| as Trustee for the Certificateholders of | ) | |
| Structured Asset Mortgage Investments | ) | |
| II, Inc., Bear Stearns ALT-A Trust, | ) | |
| Mortgage Pass-Through Certificates, | ) | |
| Series 2007-2; JOHN DOES 1-1000; | ) | |
| JANE DOES 1-1000; ABC | ) | |
| CORPORATIONS I-XX; AND XYZ | ) | |
| PARTNERSHIPS I-XX. | ) | |
| | ) | |
| Defendants | ) | |

Case No.     CV2009 - 021424

**AFFIDAVIT OF SERVICE
OF PROCESS**

STATE OF ARIZONA     )
                                          ss.
COUNTY OF MARICOPA )

Now comes Allan M. Wilcox, who first being duly sworn, upon his oath states :

That I am a registered private process server in Maricopa County and an Officer of the Court.

On July 2, 2009, at approximately 1715 hours (5:15PM), I received a conformed copy of a Summons and Petition for Temporary Restraining Order, Preliminary and Permanent Injunction and Order to Show Cause (Expedited Consideration Requested), Certification re: Arbitration, Verified Complaint, Verification, and Order to Appear and Show Cause Why the Injunctive Relief Should Not Issue from **Jane O. Ross, esq. of The Law Offices of Jane O. Ross** in the above captioned case.

Copies of the foregoing documents were served on defendant EMC Mortgage Corporation, through their Statutory Agent C T Corporation System, 2349 East Camelback Road, Phoenix, Arizona 85016. Service was accepted for Quality Loan Service Corporation by C T Corporation System representative Gail Flock, at 0939 hours (9:39AM) on July 6, 2009. Ms. Flock may be described as a Caucasian Female adult, 5' 02" tall, 180 lbs., gray hair, hazel eyes, and glasses.

MICHAEL K. JEANES, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

09 JUL -7 PM 1: 08

Allan M. Wilcox, #7472

Subscribed and sworn before me this 6th day of July, 2009.



OFFICIAL SEAL
DANA L. STAPLES
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Nov. 1, 2011

Notary Public

**ANALYTIC RESEARCH,** P.O. Box 56714, Phoenix, Arizona  85079  (602) 292-4879

MICHAEL K. JEAHES, CLERK
RECEIVED COPY #4
H CHT DEPCSITORY

**IN THE SUPERIOR COURT, COUNTY OF MARICOPA,**
**STATE OF ARIZONA**

09 JUL -7  PM 1: 08

LISA D. VON DELDEN          )
                           )
          Plaintiff,        )
                           )                    **FILED**
     vs.                    )            BY _A. Asher_, **DEP.**
                           )
EMC MORTGAGE CORPORATION;   )        Case No.      CV2009 - 021424
QUALITY LOAN SERVICE CORP.; )
ARTISAN MORTGAGE; EMPIRE    )
TITLE COMPANY; CITIBANK N.A.,)       **AFFIDAVIT OF SERVICE**
as Trustee for the Certificateholders of )        **OF PROCESS**
Structured Asset Mortgage Investments )
II, Inc., Bear Stearns ALT-A Trust,  )
Mortgage Pass-Through Certificates,  )
Series 2007-2; JOHN DOES 1-1000;    )
JANE DOES 1-1000; ABC               )
CORPORATIONS I-XX; AND XYZ          )
PARTNERSHIPS I-XX.                  )
                                    )
          Defendants                )
————————————————————————————)

STATE OF ARIZONA     )    ss.
COUNTY OF MARICOPA )

Now comes Allan M. Wilcox, who first being duly sworn, upon his oath states :

That I am a registered private process server in Maricopa County and an Officer of the Court.

On July 2, 2009 at approximately 1715 hours (5:15PM) I received a conformed copy of a Summons, and Petition for Temporary Restraining Order, Preliminary and Permanent Injunction and Order to Show Cause(Expedited Consideration Requested), Certification re: Arbitration, Verified Complaint, Verification, and Order to Appear and Show Cause Why the Injunctive Relief Should Not Issue from **Jane O. Ross, esq. of The Law Offices of Jane O. Ross** in the above captioned case.

Copies of the foregoing documents were served on defendant Quality Loan Service Corporation, through their Statutory Agent C T Corporation System, 2349 East Camelback Road, Phoenix, Arizona 85016. Service was accepted for Quality Loan Service Corporation by C T Corporation Systems representative Gail Flock at 0939 hours (9:39AM) on July 6, 2009. Ms. Flock may be described as a Caucasian Female adult, 5' 02" tall, 180 lbs., gray hair, hazel eyes, and glsses.

MICHAEL K. JEANES, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

_____   09 JUL -7  PM 1:09
Allan M. Wilcox, #7472

Subscribed and sworn before me this 6th day of July, 2009.

OFFICIAL SEAL
DANA L. STAPLES
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Nov. 1, 2011

_____
Notary Public

**ANALYTIC RESEARCH,** P.O. Box 56714, Phoenix, Arizona 85079  (602) 292-4879

IN THE SUPERIOR COURT, COUNTY OF MARICOPA,
STATE OF ARIZONA

MICHAEL K. JEANES, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

09 JUL -7 PM 1: 09

LISA D. VON DELDEN )
)
        Plaintiff, )
)
    vs. )
)
EMC MORTGAGE CORPORATION; )
QUALITY LOAN SERVICE CORP.; )
ARTISAN MORTGAGE; EMPIRE )
TITLE COMPANY; CITIBANK N.A., )
as Trustee for the Certificateholders of )
Structured Asset Mortgage Investments )
II, Inc., Bear Stearns ALT-A Trust, )
Mortgage Pass-Through Certificates, )
Series 2007-2; JOHN DOES 1-1000; )
JANE DOES 1-1000; ABC )
CORPORATIONS I-XX; AND XYZ )
PARTNERSHIPS I-XX. )
)
       Defendants )
_____)

FILED
BY _A. Ashea_, DEP.

Case No.    CV2009 - 021424

**AFFIDAVIT OF SERVICE
OF PROCESS**

STATE OF ARIZONA    )
                    ) ss.
COUNTY OF MARICOPA )

Now comes Allan M. Wilcox, who first being duly sworn, upon his oath states :

That I am a registered private process server in Maricopa County and an Officer of the Court.

On July 2, 2009, at approximately 1715 hours (5:15PM), I received a conformed copy of a Summons and Petition for Temporary Restraining Order, Preliminary and Permanent Injunction and Order to Show Cause(Expedited Consideration Requested), Certification re: Arbitration, Verified Complaint, Verification, and Order to Appear and Show Cause Why the Injunctive Relief Should Not Issue from **Jane O. Ross, esq. of The Law Offices of Jane O. Ross** in the above captioned case.

Copies of the foregoing documents were served on defendant Empire Title Company, through their Statutory Agent Thomas O. Davis, 2400 East Biltmore Circle Drive, Building One, #1150, Phoenix, Arizona 85016.  Service was accepted for Empire Title Company by Thomas O. Davis, Statutory Agent, at 0955 hours (9:55AM) on July 6, 2009.  Mr. Thomas O. Davis may be described as a Caucasian Male adult, 5' 11" tall, 210 lbs., brown hair and blue eyes.

MICHAEL K. JEANES, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

09 JUL -7 PM 1: 0

_____
Allan M. Wilcox, #7472

Subscribed and sworn before me this 7th day of July, 2009.



OFFICIAL SEAL
DANA L. STAPLES
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Nov. 1, 2011

_____
Notary Public

**ANALYTIC RESEARCH,** P.O. Box 56714, Phoenix, Arizona  85079   (602) 292-4879

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
07/27/2009 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2009-021424                                              07/21/2009

                                              CLERK OF THE COURT
HONORABLE EILEEN S. WILLETT                        J. Rutledge
                                                    Deputy

LISA D VON DELDEN                    ROBERT JUNG

v.

E M C MORTGAGE CORPORATION, et al.

ORDER TO SHOW CAUSE HEARING VACATED

        The Court has been telephonically advised by Counsel for Plaintiff that an agreement has
been reached regarding the issues raised in Plaintiff's Petition for Temporary Restraining Order,
Preliminary and Permanent Injunction, and Order to Show Cause.  Therefore,

        IT IS ORDERED vacating the Order to Show Cause Hearing set in this division on July
20, 2009.  No further action will be taken by the Court on Plaintiff's Petition for Temporary
Restraining Order and Preliminary Injunction.

        IT IS FURTHER ORDERED that the parties shall submit a Joint Pretrial Memorandum
as set forth below.

        The Court will review the Joint Pretrial Memorandum and proposed Scheduling Order
prescribed herein.  The Court may adopt or modify the discovery and disclosure schedule order
and set a scheduling conference for purposes of setting a trial date. If counsel still believe that a
pretrial conference is still necessary at this stage of the litigation, they should address the reasons
for the need for a pretrial conference in the first paragraph of the Joint Pretrial Memorandum.

Docket Code 002                    Form V000A                    Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2009-021424                                          07/21/2009

If the parties fail to file a timely memorandum, sanctions may issue pursuant to Rule 16(f).

IT IS FURTHER ORDERED:

All counsel are directed to meet personally to discuss all of the matters set forth in Rule 16(b).  Counsel shall prepare and file with the Court by **5:00 p.m. on August 24, 2009,** a Joint Pretrial Memorandum, and prepare a proposed order for Discovery and Disclosure deadlines. The proposed order shall include dates for the following items and conform substantially with the attached sample order.

1. **An agreed upon schedule and date for completion of non-expert depositions**. As far as can reasonably be anticipated, each party shall set forth the depositions they anticipate taking and the approximate time required for each; any and all medical examinations which may be required of any of the parties; the person or persons to conduct such examinations; all requests for production; and all tangible evidence to be disclosed or exchanged.

2. **A date for the final disclosure of the identities subject matters and reports of expert witnesses,** and/or to supplement disclosures made to date.

3. **A date or dates for the initial and final disclosure of all non-expert witnesses,** and/or to supplement disclosures made to date.

4. **A date by which all written discovery will be propounded and concluded**. Further, counsel shall set forth any written discovery outstanding and a date when it will be complete.

5. The position of each counsel on whether the Rule 38.1 time limits should be waived.

6. **A proposed date for a Mandatory Settlement Conference pursuant to Rule 16.1.  Alternatively, the parties may propose a deadline by which they will participate in private mediation.**

7. **A date for completion of all discovery,** including expert discovery.

8. **A date by which all dispositive or partially-dispositive motions shall be filed.**

9. **A proposed trial date** agreed upon by all counsel and anticipated length of trial.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2009-021424                                           07/21/2009

If the parties agree as to the dates, they need to only prepare and submit the proposed order attached hereto.  If counsel are unable to agree on any of the items set forth in the attached form of order, the reasons for their inability to agree shall be set forth in the Pretrial Memorandum and each shall prepare a separate proposed order.  **All proposed deadlines shall be set forth as calendar dates, and not in the form "XX days before trial."**

IT IS FURTHER ORDERED that counsel shall notify the Court of any agreed-upon extension of any time period provided by the Rules of Civil Procedure.  The purpose of this order is not to discourage extensions as a matter of professionalism, but to ensure that no party suffers summary disposition of any issue by virtue of an extension of which the Court is not aware.

**HONORABLE EILEEN S. WILLETT**
**MARICOPA COUNTY SUPERIOR COURT**
**CENTRAL COURT BUILDING**
**201 W. JEFFERSON**
**4TH FLOOR, COURTROOM 401**
**PHOENIX, AZ 85003**
**602-506-3343**
This case is eFiling eligible: http://www.clerkofcourt.maricopa.gov/efiling/default.asp

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2009-021424                                      07/21/2009

[PROPOSED] SCHEDULING ORDER

The Court having received the parties' Joint Comprehensive Pretrial Conference Memorandum,

IT IS ORDERED entering the following schedule for disclosure as set forth unless the parties obtain written modifications by the Court:

(1)    Initial disclosures shall be exchanged by:  **(MM/DD/YYYY)**.

(2)    The identities and subject areas of expert testimony shall be disclosed by: **(MM/DD/YYYY)**.

(3)    Plaintiff's final expert disclosures shall be served by:  **(MM/DD/YYYY)**.

         Defendant's final expert disclosures shall be exchanged by:  **(MM/DD/YYYY)**.

         Rebuttal expert disclosures shall be exchanged by:  **(MM/DD/YYYY)**.

(4)    Final Non-expert disclosures shall be exchanged by:  **(MM/DD/YYYY)**.

(5)    Written discovery shall be propounded by:  **(MM/DD/YYYY)**.

(6)    Dispositive Motions shall be filed by:  **(MM/DD/YYYY)**.

(7)    Depositions shall be completed by:  **(MM/DD/YYYY)**.

(8)    Discovery shall be completed by:  **(MM/DD/YYYY)**.

(9)    Any motions to amend pleadings shall be filed by:  **(MM/DD/YYYY)**.

(10)   The parties remaining in this action shall participate in comprehensive mediation by **(MM/DD/YYYY)**.

IT IS ORDERED setting Status Conference in this matter on [counsel to leave this date blank], (time allotted:  15 minutes), in this Division.

IT IS FURTHER ORDERED that in no less than **five days** prior to the Status Conference set herein, the parties shall submit a Joint Statement pursuant to ARCP 16(d) and report to the

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2009-021424                                                07/21/2009

Court the history and status of the efforts at Alternative Dispute Resolution pursuant to ARCP Rule 16(g).

    **DISCOVERY DISPUTES:**  In the event of any dispute concerning discovery, counsel are directed to confer pursuant to ARCP 26(g).  If such conference is unsuccessful, counsel are directed to initiate a conference call with this Division BEFORE filing a motion to compel or motion for protective order.

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
Lori Cummings
Filing ID 385656
7/15/2009 4:35:37 PM

1  | Law Offices of Robert R. Jung
   | Robert R. Jung (014198)
   | Attorney at Law
2  | 21001 N. Tatum Blvd., Ste 1630-725
   | Phoenix, AZ 85050
3  | Office: 480.704.5030
   | Fax: 480.907.2692

4  |                **IN THE SUPERIOR COURT IN AND FOR**
5  |                **COUNTY OF MARICOPA, STATE OF ARIZIONA**

6  | **LISA D. VON DELDEN**, a single woman          Case No.: CV 2009-021424

7  |

8  |                       Plaintiff,

9  |          vs.                                    **STIPULATION**

10 |

11 | **EMC MORTGAGE CORPORATION;**
   | **QUALILTY LOAN SERVICE**
12 | **CORP.;ARTISAN MORTGAGE;**
   | **EMPIRE TITLE COMPANY; CITIBANK,**
13 | **N.A., as Trustee for the Citificateholders of**
   | **Structured Asset Mortgage Investments II,**
14 | **Inc., Bear Stearns ALT-A Trust, Mortgage**
   | **Pass-Through Certificates, Series 2007-2;**
15 | JOHN DOES 1-1000; JANE DOES 1-1000;
   | ABC CORPORATIONS I-XX; AND XYZ
16 | PARTNERSHIPS I-XX.
17 |
   |                       Defendants.
18 | _____

19 |

20 |          The Parties to this matter hereby stipulate that the hearing currently set for July 20, 2009

21 | may be vacated as the sale of the subject property has been postponed for 60 days, thereby

22 | eliminating the need for an Order to Show Cause or Injunction at this time.

23 |

24 | RESPECTFULLY SUBMITTED and DATED this 15th day of July, 2009.

25 |

-1-

1

2                       _/s/ Robert Jung_____
                       Robert R. Jung, Attorney

3                       For the Plaintiff

4

5                       _/s/ Jennifer Sparks_____
                       Jennifer Sparks, Attorney

6                       For the Defendants

7

8   E-Filed this 15th day of
     July, 2009 at:

9

10   Clerk of Court
      201 W. Jefferson St.
      Phoenix, AZ 85003

11

12   Hon. Eileen Willett
      Maricopa Superior Court

13   201 W. Jefferson St.
      Phoenix, AZ 85003

14

15   /s/ Robert Jung

16

17

18

19

20

21

22

23

24

25

Michael K. Jeanes, Clerk of Court
*** Filed ***
07/14/2009 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2009-021424                                           07/13/2009


HONORABLE EILEEN S. WILLETT

CLERK OF THE COURT
J. Rutledge
Deputy


LISA D VON DELDEN                          ROBERT JUNG

v.

E M C MORTGAGE CORPORATION, et al.


PAUL M LEVINE


PARTIAL CASE DISMISSAL
& ORDER TO SHOW CAUSE SET

In chambers.

2:08 p.m. This is the time set for a Hearing on an Order to Show Cause. Counsel, Robert Jung, is present on behalf of the Plaintiff Lisa D. Von Delden. Counsel, Paul Levine, is present on behalf of Defendant Quality Loan Service Corporation.

Court Reporter, Karen Bolton, is present.

Mr. Levine makes an oral motion to dismiss Defendant Quality Loan Service Corporation from this matter.

Plaintiff having no objection and good cause appearing,

IT IS ORDERED granting the motion and dismissing Defendant Quality Loan Service Corporation from the case.


Docket Code 079                    Form V000A                         Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2009-021424                                              07/13/2009


        The Court having been advised that Plaintiff has not yet effectuated service on the
remaining Defendants: EMC Mortgage Corporation, Artisan Mortgage, Empire Title Company,
and Citibank NA,

        IT IS ORDERED setting this matter for a Hearing on an Order to Show Cause, as to the
above-named Defendants, for **July 20, 2009 at 8:45 a.m. (allotted time: 15 minutes) in this
division.**

        IT IS FURTHER ORDERED signing this Minute Entry as a formal written Order of the
Court.


        Dated this 13th day of July, 2009


                                             /S/     EILEEN S. WILLETT
                                             _____
                                             HONORABLE EILEEN S. WILLETT
                                             ARIZONA SUPERIOR COURT
                                             MARICOPA COUNTY




                          **HONORABLE EILEEN S. WILLETT**
                      **MARICOPA COUNTY SUPERIOR COURT**
                            **CENTRAL COURT BUILDING**
                               **201 W. JEFFERSON**
                          **4TH FLOOR, COURTROOM 401**
                               **PHOENIX, AZ 85003**
                                 **602-506-3343**
        This case is eFiling eligible: http://www.clerkofcourt.maricopa.gov/efiling/default.asp



Docket Code 079                     Form V000A                          Page 2